**PHILIP MORRIS INC., R.R. Reynolds Tobacco Co., Brown & Williamson Tobacco Co., Lorillard Tobacco Co., Plaintiffs,**

v.

**Richard BLUMENTHAL, Attorney General of Connecticut, Defendant.**

**Civil No. 3:96CV1221 (PCD).**

United States District Court, D. Connecticut.

Dec. 23, 1996.

Benjamin A. Solnit, Margaret A. Little, William R. Murphy, Robert K. Ciulla, Tyler, Cooper & Alcorn, New Haven, Connecticut, Peter C. Hein, Barbara Robbins, Ben M. Germana, Wachtell, Lipton, Rosen & Katz, New York City, for Plaintiff, Philip Morris Inc.

Edward F. Hennessey, David T. Ryan, Brien P. Horan, Dennis F. Kerrigan, Jr., Robinson & Cole, Hartford, Connecticut, Donald B. Ayer, Robert F. McDermott, Jr., Jones, Day, Reavis & Pogue, Washington, DC, for Plaintiff, R.J. Reynolds Tobacco Co.

Andrew R. McGaan, David M. Bernick, Kirkland & Ellis, Chicago, Illinois, Francis H. Morrison, III, James H. Rotondo, Athena Roxene Tsakanikas, Day, Berry & Howard, Hartford, Connecticut, Marjorie Press Lindblom, Kirkland & Ellis, New York City, for Plaintiff, Brown & Williamson Tobacco Corp.

William R. Murphy, Tyler, Cooper & Alcorn, New Haven, Connecticut, James R. Fogarty, Lawrence F. Reilly, Andrew P. Nemiroff, Epstein Fogarty Cohen & Selby, Greenwich, Connecticut, Gael Mahony, Hill & Barlow, Boston, Massachusetts, for Plaintiff, Lorillard Tobacco Co.

David S. Golub, Jonathan M. Levine, Silver, Golub & Teitell, Stamford, Connecticut, Gregory T. D'Auria, Jane R. Rosenberg, Eliot D. Prescott, Attorney General's Office, Hartford, Connecticut, Andrew P. Nemiroff, Epstein Fogarty Cohen & Selby, Greenwich, Connecticut, Stephen R. Park, Attorney General's Office, Anti–Trust, Consumer Protection, Hartford, Connecticut, William M. Rubenstein, Attorney General's Office, Hartford, Connecticut, for Defendant, Richard Blumenthal, Attorney General.

*RULING ON MOTION TO DISMISS*

DORSEY, Chief Judge.

Defendant moves to dismiss under the *Younger v. Harris* abstention doctrine and pursuant to the Anti–Injunction Act, 28 U.S.C. § 2283. For the reasons below, defendant's motion is granted.

## I. BACKGROUND

Plaintiffs ("Tobacco Companies") filed suit in district court (the "present action") to enjoin defendant (the "Attorney General") from filing an impending suit in state court. Shortly after the present action was filed, the Attorney General in fact filed suit in Connecticut Superior Court. The state court action seeks damages and injunctive relief for alleged violations of state antitrust law, state unfair trade practice law, and state common law. The Tobacco Companies removed the state court action to district court. The removed case came before the Honorable Janet Bond Arterton. The Attorney General moved to dismiss the present action and to remand the removed case to state court where originally filed, arguing that removal was improper due to a lack of subject matter jurisdiction.

The motion to dismiss the present action was denied without prejudice pending resolution of the subject matter jurisdiction issue in the removed case. On October 9, 1996, the removed case was remanded to state court for lack of subject matter jurisdiction. The Attorney General then renewed the motion to dismiss the present action.

## II. ANALYSIS

### A. *Abstention Under Younger v. Harris*

The Tobacco Companies' action raises the issue of federal court interference with pending state litigation. The Supreme Court has noted that "[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris,* 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Federalism requires comity, which Justice Black defined as:

> a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as "Our Federalism" . . .

*Id.* at 44, 91 S.Ct. at 750. Therefore, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45, 91 S.Ct. at 751. Although *Younger* addressed federal actions to enjoin state criminal proceedings, the same principals of comity mandate extreme caution before enjoining certain kinds of state civil proceedings as well. *See, e.g., Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982).

Abstention under *Younger* is appropriate when: "1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court for Town Of Springfield,* 56 F.3d 391, 393 (2d Cir.1995). When these conditions are met, abstention is obligatory. *See Colorado River Water Cons. Dist. v. U.S.,* 424 U.S. 800, 816 n. 22, 96 S.Ct. 1236, 1245 n. 22, 47 L.Ed.2d 483 (1976).

### 1. *Ongoing State Proceeding*

There clearly is an ongoing state proceeding in the present case. The question is whether this element requires that the state proceeding be brought *before* the federal action. The typical scenario, as in *Younger,* is that the state action came first. However, the Supreme Court has held that *Younger* also applies in cases where the federal action was filed preemptively. *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975).

The Tobacco Companies argue that *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), not *Hicks,* controls. Under *Steffel,* federal courts need not abstain under *Younger* if there is no pending state proceeding, lest "the hapless plaintiff [find himself] between the Scylla of intentionally flouting state law and the Charybdis of forgoing what he believes to be constitutionally protected activity in order to avoid becoming enmeshed in a criminal proceeding." *Steffel,* 415 U.S. at 463, 94 S.Ct. at 1217. However,

*Steffel* applies *when there is no pending state proceeding.* The Supreme Court in *Hicks* specifically distinguished that scenario from one in which there is a pending state proceeding which, in a race to the courthouse, happened to be filed second:

> Neither *Steffel v. Thompson,* 415 U.S. 452 [94 S.Ct. 1209, 39 L.Ed.2d 505] (1974), nor any other case in this Court has held that for *Younger v. Harris* to apply, the state criminal proceedings must be pending on the day the federal case is filed. Indeed, the issue has been left open; and we now hold that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force.

*Hicks,* 422 U.S. at 349, 95 S.Ct. at 2292 (footnote omitted).

The Tobacco Companies attempt to distinguish *Hicks* on several other grounds. First they argue that *Hicks* applies only to criminal, not civil, proceedings. This argument is without merit. As discussed above, *Younger* applies to certain types of civil actions. *Hicks* applies to civil proceedings to the same extent that *Younger* does.

Second, the Tobacco Companies distinguish *Hicks* on the grounds that the state proceedings brought in that case could only have been brought in state court, not in federal court. However, the only reason why the claims in *Hicks* could have been brought uniquely in state court is that they were criminal charges. The distinction therefore is irrelevant and merely rehashes the argument that *Hicks* only applies to state criminal proceedings. Furthermore, the cases cited do not support this argument.

Finally, the Tobacco Companies argue that "comity works both ways": Respect for federalism would have the state, not the federal, court abstain. However the only case cited, *Chaulk Services v. Massachusetts Commission Against Discrimination,* 70 F.3d 1361 (1st Cir.1995), must be distinguished. In *Chaulk* the state administrative action interfered with a federal statutory and adminis-

trative system constitutionally adopted by congress. There is no such federal administrative preemption in the present action.

Accordingly, there as an "ongoing proceeding" for *Younger* purposes.

### 2. *Important State Interest*

Abstention is proper under *Younger* in civil cases only if the proceedings implicate "important state interests." *Middlesex County Ethics Comm. v. Garden State Bar Assn.,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). Civil actions by the state which are "akin to a criminal prosecution" have been held important state interests. *Huffman,* 420 U.S. at 604, 95 S.Ct. at 1208 (civil enforcement of anti-obscenity laws). State enforcement of attorney disciplinary rules are another example. *Middlesex,* 457 U.S. 423, 102 S.Ct. 2515. Phrased more generally, important state interests include "[p]roceedings necessary for the vindication of important state policies or for the functioning of the state judicial system." *Id.* at 432, 102 S.Ct. at 2521.

The Attorney General's claims under the Connecticut Unfair Trade Practices Act ("CUTPA") and under Connecticut antitrust law are important state interests. Both claims are under statutory schemes which contemplate civil enforcement actions by state authorities to effect state policy. *See* C.G.S. § 42–110m(a) (Commissioner of Consumer Protection can ask Attorney General to sue in name of the state under CUTPA); C.G.S. § 35–32(a) ("The attorney general, in the name of the state and on behalf of the people of the state, shall enforce [the Connecticut Antitrust Act]"). These laws are mechanisms for the state to enforce its important interest in fair trade in Connecticut.

The Tobacco Companies urge following *Philip Morris v. Harshbarger,* 1996 WL 676807, 946 F.Supp. 1067 (D.Mass.1996). In *Harshbarger* Tobacco Companies also preemptively filed suit to enjoy a state court action by the Massachusetts Attorney General. The Massachusetts District Court declined to abstain under *Younger* because it did not find an important state interest. The Massachusetts Attorney General's action, which sought reimbursement for Medicaid expenditures, was found to be "classically in the nature of subrogation," and accordingly not an important state interest. However, *Harshbarger* must be distinguished because the Massachusetts Attorney General's suit in state court did not allege violations of state unfair trade practice and antitrust law, as does the Connecticut state court action. It is therefore unnecessary to address the merits and applicability of *Harshbarger,* since the Attorney General's CUTPA and antitrust claims do implicate an important state interest.

The Tobacco Companies attempt to gloss over the absence of unfair trade practice and antitrust claims in the Massachusetts case by pointing out that the underlying state complaints in the two cases are "predicated on virtually identical factual allegations." Surreply Mem. at 2. This is irrelevant. The Attorney General has alleged an important state interest by invoking CUTPA and Connecticut antitrust laws, not merely by the nature of the factual allegations.

The Tobacco Companies argue that *Harshbarger* controls because the Massachusetts attorney general sought non-monetary relief similar to the present action, although without alleging unfair trade practice or antitrust claims. This argument misses the point. The existence of an important state interest for *Younger* purposes does not depend on whether the relief sought is monetary or injunctive. Rather, it depends on the nature of the claim brought in the underlying state court action. It is therefore irrelevant that similar relief was sought under different laws, since it is the claim, not the relief, which determines the existence of an important state interest. As discussed above, the Connecticut state court action's allegations constitute an important state interest.

The fact that the Tobacco Companies' complaint in the present action only seeks to enjoin state court imposition of monetary, as opposed to injunctive, relief is also irrelevant for abstention purposes. The important state interest element of *Younger* does not depend on the relief sought by the federal plaintiff. Nor does it turn on whether the

state court action seeks monetary or injunctive relief.

Accordingly, the important state interest element of *Younger* is satisfied.

### 3. *Avenue Of Review For Constitutional Claims In State Court*

The Supreme Court has held that "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil v. Texaco,* 481 U.S. 1, 15, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1987). The Tobacco Companies do not challenge this element of *Younger.* Pl.'s Mem. in Opp. at 10. Since there are no doubts regarding the adequacy of the Tobacco Companies' avenue of review for constitutional claims in Connecticut state court, this element of *Younger* is satisfied.

### B. *Other Arguments Raised By The Tobacco Companies*

The Tobacco Companies mischaracterize the relationship between the *Younger* abstention doctrine and *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which "established the doctrine that when absolutely necessary for protection of constitutional rights courts of the United States have power to enjoin state officers from instituting criminal actions." *Fenner v. Boykin,* 271 U.S. 240, 243, 46 S.Ct. 492, 493, 70 L.Ed. 927 (1926). *Ex Parte Young* held that there is the requisite subject matter jurisdiction for such suits. *Younger* abstention is based on federalism, not on lack of subject matter jurisdiction. Thus when an action is brought pursuant to *Ex Parte Young,* but falls within the requirements of *Younger* and its progeny, abstention is appropriate. *See Younger,* 401 U.S. at 45, 91 S.Ct. at 751.

The Tobacco Companies make a puzzling argument that claims in the federal action which seek injunctions against imposition of liability for future, as opposed to past, sales of tobacco should not be barred under *Younger.* This argument is based on mis-cited cases and faulty logic. *Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977), does not stand for the proposition that ongoing state proceedings can somehow be severed for *Younger* purposes into past and future liability. In *Wooley,* there were no ongoing state proceedings at issue—only failure to seek state appellate review of prior convictions under the same law (covering up New Hampshire's "Live Free or Die" motto on a car license plate). *Wooley* is thus irrelevant.

There is furthermore no logical base to this argument. Nothing indicates that the state court would take the unprecedented step of imposing liability for sales which have not yet occurred. The outcome of the state litigation, whatever that may be, will affect future liabilities under the familiar doctrine of *res judicata.* Injunctions are always prospective. But these truisms have no bearing on *Younger* abstention.

The Tobacco Companies also argue that abstention analysis in this case should be governed by *Pullman,* not *Younger,* abstention. *See R.R. Comm'n of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). However, these doctrines are not mutually exclusive. Since abstention is appropriate under *Younger,* as discussed above, *Pullman* analysis is thus unnecessary.

### III. CONCLUSION

Defendant's renewed motion to dismiss (doc 44), dated October 10, 1996, is granted.

SO ORDERED.