*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0348p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

CHASE BANK USA, N.A., JPMORGAN CHASE
BANK, N.A., JPMORGAN MORTGAGE
ACQUISITION CORP., and J.P. MORGAN
SECURITIES, INC.,
      *Plaintiffs-Appellants/Cross-Appellees*,

    *v.*

CITY OF CLEVELAND,
      *Defendant-Appellee/Cross-Appellant.*

Nos. 10-4115/4116

> Appeal from the United States District Court
> for the Northern District of Ohio at Cleveland.
> No. 08-00514—Sara E. Lioi, District Judge.
>
> Decided and Filed: September 26, 2012
>
> Before: MOORE and GRIFFIN, Circuit Judges, and QUIST, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Isaac Schulz, Michael N. Ungar, Richik Sarkar, ULMER & BERNE LLP, Cleveland, Ohio, for Appellants/Cross-Appellees. Joshua R. Cohen, COHEN ROSENTHAL & KRAMER LLP, Cleveland, Ohio, for Appellees/Cross-Appellants.

_____

## OPINION

_____

    KAREN NELSON MOORE, Circuit Judge. The foreclosure crisis that swept the nation in the latter half of the past decade hit Cleveland particularly hard. It also led to this litigation. Though this case has as its background such weighty factual topics as subprime-mortgage lending, foreclosures, and the precarious economic state of the post-

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

industrial Midwest, the issue at stake in this appeal is solely procedural.  Our task is to determine whether the district court had subject-matter jurisdiction over a suit by several financial institutions seeking declaratory and injunctive relief from two other lawsuits filed by the City of Cleveland.  We conclude that it did.  Because the district court nonetheless dismissed the suit sua sponte for failure to state a claim without notice to the parties, we REVERSE the judgment of the district court and REMAND for further proceedings.

## I.  BACKGROUND

The City of Cleveland has seen a record number of home foreclosures in the past decade.  Between 2000 and 2008, Cuyahoga County, Ohio, where Cleveland is located, recorded approximately 80,000 foreclosures.  Scott Simon, *In Cleveland, Foreclosures Decimate Neighborhoods*, Nat'l Pub. Radio, May 24, 2008.  In 2007, County Treasurer Jim Rokakis described the city as "the epicenter of the mortgage meltdown in America." Thomas Ott & Susan Vinella, *Home Loan Foreclosures on the Rise in Cuyahoga*, The Plain Dealer, July 4, 2007, at B1.  Against this backdrop came the three lawsuits relevant to this case.

## A.  *City of Cleveland v. Ameriquest Mortgage Securities, Inc.* (*City of Cleveland I*)

In January 2008, Cleveland brought suit against twenty-one financial institutions in Ohio state court, alleging that the defendants' actions in the subprime-mortgage industry constituted a public nuisance under Ohio common law.  By securitizing subprime mortgages and later foreclosing on the houses purchased through such mortgages, the defendants allegedly contributed to a financial crisis in the city that included significant declines in property values, a shrinking tax base, and an increase in criminal activity.  Cleveland sought to recover for the costs it incurred in monitoring, maintaining, or demolishing foreclosed properties and for decreased tax revenues.  The defendants removed the case to federal court on diversity grounds.  After denying Cleveland's motions to remand and to amend its complaint by adding JPMorgan Chase Bank, N.A., a non-diverse party, the district court granted the defendants' motion to

dismiss on the grounds that the city's suit was preempted by state law and was barred by the economic-loss doctrine, and, alternatively, that the complaint failed to demonstrate that the defendants' actions unreasonably interfered with a public right or were the proximate cause of the alleged harm. *City of Cleveland v. Ameriquest Mortgage Sec., Inc.*, 621 F. Supp. 2d 513, 516–17 (N.D. Ohio 2009). We affirmed on proximate-cause grounds. 615 F.3d 496, 502–06 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1685 (2011).

**B. *City of Cleveland v. JP Morgan Chase Bank, N.A. (City of Cleveland II)***

In August 2008, shortly after the district court denied Cleveland's motion to remand in *City of Cleveland I*, Cleveland filed a second suit in Ohio state court against twenty-eight financial institutions, including the non-diverse JPMorgan Chase Bank, N.A. In addition to pleading another public-nuisance claim, Cleveland alleged that the defendants had violated the Ohio Corrupt Activities Act ("OCAA"), the state RICO analogue, by inaccurately claiming title to mortgages and promissory notes in foreclosure proceedings in violation of Ohio Revised Code § 2921.12(A). *See* Ohio Rev. Code § 2923.32. Cleveland also sought to recover under Ohio Revised Code § 715.261 for costs incurred maintaining or demolishing foreclosed houses.

**C. *Chase Bank, USA, N.A. v. City of Cleveland (Chase Bank)***

In February 2008, while *City of Cleveland I* was pending, Plaintiffs-Appellants Chase Bank, USA, N.A., JPMorgan Chase Bank, N.A., JPMorgan Mortgage Acquisition Corp., and J.P. Morgan Securities, Inc. (collectively, "Chase Bank") brought the suit that is currently before us. Chase Bank sued Cleveland in federal district court, seeking a declaratory judgment that Cleveland's public-nuisance claim in *City of Cleveland I* was preempted by the National Bank Act and requesting an injunction against that suit. After Cleveland filed *City of Cleveland II*, Chase Bank amended its complaint to request declaratory relief and an injunction against both of Cleveland's lawsuits.[1] Cleveland

---

[1] For the sake of clarity, we pause to review the lineup in these three lawsuits. The plaintiffs in *Chase Bank*, which is the suit currently before us, are Chase Bank, USA, N.A., JPMorgan Chase Bank, N.A., JPMorgan Mortgage Acquisition Corp., and J.P. Morgan Securities, Inc. Of these plaintiffs, Chase

moved to dismiss Chase Bank's suit for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that the suit did not raise a federal question. The district court ruled in August 2010, suggesting that it lacked subject-matter jurisdiction to issue declaratory relief, but had jurisdiction to issue an injunction. Despite the latter ruling, the court dismissed Chase Bank's suit without prejudice for failure to show irreparable harm. Because Chase Bank "cannot, at this time, demonstrate irreparable harm from a failure of this Court to grant injunctive relief," the district court held, Chase Bank's "request to enjoin the pending lawsuits is not yet ripe, and must be dismissed without prejudice." R.38 at 17–18 (Dist. Ct. Op.) (Page ID #508–09).

Chase Bank timely appealed, contending that the district court had subject-matter jurisdiction to issue both declaratory and injunctive relief pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1343(a)(3) (the jurisdictional counterpart to 42 U.S.C. § 1983). Cleveland cross-appealed, arguing that the district court lacked subject-matter jurisdiction to issue either type of relief. Cleveland alternatively argues that, even if the district court had subject-matter jurisdiction over both the declaratory and injunctive claims, the dismissal can be affirmed on three non-jurisdictional grounds: (1) district courts have discretion whether to hear declaratory-judgment actions, (2) enjoining the state-court proceedings in *City of Cleveland II* would violate the Anti-Injunction Act, or (3) *Younger* abstention was warranted.

## D. Recent Developments

Since this case left the district court, several developments have occurred in both *City of Cleveland I* and *City of Cleveland II*.[2] In *City of Cleveland II*, the Cuyahoga County Court of Common Pleas dismissed Cleveland's public-nuisance and OCAA claims, but denied the defendants' motion to dismiss as to Cleveland's claim under Ohio

---

Bank, USA, N.A., JPMorgan Mortgage Acquisition Corp., and J.P. Morgan Securities, Inc. were defendants in *City of Cleveland I*. JPMorgan Chase Bank, N.A. and J.P. Morgan Securities, Inc. are defendants in *City of Cleveland II*.

[2]We can take judicial notice of developments in related "'proceedings in other courts of record.'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (quoting *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); Federal Rule of Evidence 201.

Revised Code § 715.261. *City of Cleveland v. JP Morgan Chase Bank, N.A.*, No. CV-08-668608 (Cuyahoga Cnty. Ct. Com. Pl. Nov. 23, 2011). Cleveland voluntarily dismissed its § 715.261 claim and appealed the trial court's dismissal of the public-nuisance and OCAA claims. That appeal is currently pending in the Court of Appeals of Ohio, Eighth Appellate District.

In addition, the United States Supreme Court denied Cleveland's petition for a writ of certiorari in *City of Cleveland I*. *City of Cleveland v. Ameriquest Mortgage Sec., Inc.*, 131 S. Ct. 1685 (2011). Accordingly, Chase Bank's request for injunctive and declaratory relief regarding *City of Cleveland I* is now moot. All that remains of the suits in which Cleveland is the plaintiff is *City of Cleveland II*. Because Chase Bank, USA, N.A. and JPMorgan Mortgage Acquisition Corp. are not parties to *City of Cleveland II*, we dismiss their claims as moot.

## II. ANALYSIS

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction," and can adjudicate only those claims that "(1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress." 13 Charles Alan Wright, Arthur Miller, Edward Cooper & Richard Freer, Federal Practice & Procedure § 3522 at 100 (3d ed. 2008) (hereinafter, Wright & Miller, Federal Practice & Procedure). Accordingly, a federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits. We review de novo a district court's grant of a motion to dismiss for lack of subject-matter jurisdiction based on a facial attack. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). We likewise review de novo a dismissal for failure to state a claim. *Id.* at 444.

## A. Subject-Matter Jurisdiction[3]

Federal district courts have subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to trigger federal-question jurisdiction under § 1331, a lawsuit must satisfy the well-pleaded complaint rule. Under this rule, a federal question must appear on the face of the complaint rather than as part of a defense, even if a federal-law defense is anticipated. In the declaratory-judgment context, whether a federal question exists is determined by reference to a hypothetical non-declaratory suit (i.e., a suit for coercive relief) between the same parties; if a federal question would appear in the complaint in this hypothetical suit, federal jurisdiction exists over the declaratory-judgment action. In cases in which the plaintiff seeks a declaratory judgment that he would have a valid defense to an anticipated claim, we consider whether a federal question would arise in a hypothetical non-declaratory suit in which the declaratory-judgment defendant is the plaintiff and the declaratory-judgment plaintiff is the defendant. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 19 (1983); *AmSouth Bank v. Dale*, 386 F.3d 763, 775 (6th Cir. 2004).

Federal courts have jurisdiction under § 1331 "over suits to enjoin state officials from interfering with federal rights" by enforcing state laws that are preempted by federal law. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983) (citing *Ex parte Young*, 209 U.S. 123, 160–62 (1908)); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n*

---

[3]As an initial matter, the district court's holding is not entirely clear. Both parties characterize the opinion as holding that the district court lacked subject-matter jurisdiction over the declaratory-judgment claim but had jurisdiction to issue an injunction. This characterization is supported by the opinion's concluding statement that "the City's motion to dismiss is granted, in part, and denied, in part." R.38 at 19 (Page ID #510). However, the opinion elsewhere seems to suggest that the district court would lack jurisdiction over the request for a declaratory judgment by itself, but had jurisdiction over the entire suit because Chase Bank also sought an injunction.

To the extent that the district court indeed analyzed the declaratory-judgment and injunction requests separately for jurisdictional purposes, this distinction is not supported by the caselaw in which plaintiffs sought both forms of relief, *see infra* note 5, and is not particularly practical. A federal court that enjoins a state suit on preemption grounds for all intents and purposes declares that the state suit is preempted. Even if the two forms of relief are conceptually distinct for jurisdictional purposes, a federal district court with jurisdiction to issue an injunction could exercise supplemental jurisdiction over the claim for declaratory relief. To the extent that the district court suggests that it would lack subject-matter jurisdiction over a suit seeking only declaratory relief, that question is not before us and we need not answer it. For the reasons described herein, we hold simply that the district court had subject-matter jurisdiction over Chase Bank's suit in its entirety.

*of Md.*, 535 U.S. 635, 642 (2002); *Ammex, Inc. v. Cox*, 351 F.3d 697, 702–03 (6th Cir. 2003).  The federal law with purported preemptive effect need not expressly provide a cause of action against preempted state law; the cause of action is implied under the Supremacy Clause, U.S. Const. art. VI, cl. 2.  *See* 13D Wright & Miller, Federal Practice & Procedure § 3566 at 292 ("The best explanation of *Ex parte Young* and its progeny is that the Supremacy Clause creates an implied right of action for injunctive relief against state officers who are threatening to violate the federal Constitution and laws.").[4]

The plaintiffs in *Shaw* sought to enjoin enforcement of a requirement under the New York Human Rights Law and Disability Benefits Law that employers include pregnancy benefits in their employee benefit plans on the grounds that the state laws were preempted by ERISA.  463 U.S. at 92.  At least one of the plaintiffs had previously been a party to state Division of Human Rights proceedings for not paying such benefits and sought to enjoin the prosecution of pending complaints.  *See id.* at 93 n.9; *Burroughs Corp. v. Kramarsky*, No. 79-778, 1980 WL 18671, at *1–2 (W.D.N.Y. Jan. 14, 1980).  *Verizon* involved a ruling by the Maryland Public Service Commission that state contract law required that the plaintiff pay compensation to a competitor for certain telephone calls, a ruling that the plaintiff contended violated the federal Telecommunications Act and Federal Communications Commission regulations.  535 U.S. at 640.

The plaintiff in *Ammex*, a duty-free store on the U.S.-Canadian border, argued that federal law preempted the Michigan Consumer Protection Act with respect to foreign-trade zones and duty-free stores and sought to enjoin the Michigan Attorney General from enforcing the Act.  351 F.3d at 700, 703.  The Attorney General had issued a notice of intended action warning the plaintiff that, unless it halted its alleged

---

[4]The scope of this cause of action is a matter of debate.  The Supreme Court recently granted certiorari on the issue in *Douglas v. Independent Living Center of Southern California, Inc.*, but ultimately disposed of the case on narrower grounds.  132 S. Ct. 1204, 1207–08 (2012).  Even the critics of an implied cause of action under the Supremacy Clause seem to recognize the viability of claims in the circumstances presented here—a plaintiff seeking declaratory or injunctive relief against a state or local government that is presently taking or threatening action against the plaintiff pursuant an allegedly preempted state law.  *See* Stephen I. Vladeck, Douglas *and the Fate of* Ex Parte Young, 122 Yale L.J. Online 13, 14–16 (2012).  We also note that this case in its present posture does not directly implicate this debate, because the availability of a cause of action does not affect the court's jurisdiction.  *See Verizon*, 535 U.S. at 642–43.

misrepresentations, the state would file a lawsuit which could result in an injunction and a fine. *Id.* at 701.[5]

Federal jurisdiction exists over such preemption-based suits even though "if one were to examine closely the nature of the complaint in such a case, the asserted preemption claim would often be remarkably similar to an anticipation of a federal defense through a declaratory action," which would typically fail to satisfy the well-pleaded complaint rule. *Id.* at 704; *cf. Playboy Enters., Inc. v. Pub. Serv. Comm'n of Puerto Rico*, 906 F.2d 25, 30 (1st Cir. 1990) (describing the *Shaw* line of cases as a "limitation" on the well-pleaded complaint rule). Despite the arguable disharmony between the well-pleaded complaint rule and *Shaw*, the latter is clearly good law that lower courts must apply.[6]

Cleveland contends that *Shaw* and its progeny do not apply because they involved challenges to state regulations rather than, as here, state litigation. Cleveland characterizes Chase Bank's preemption claim (in both its declaratory and injunctive manifestations) as simply a defense to Cleveland's lawsuit brought in a different forum. By contrast, *Shaw* and *Ammex* involved attempts to halt a state-law enforcement action and *Verizon* involved an attack on a state agency's ruling.

As a general matter, this distinction is inconsequential. Like litigation, regulatory enforcement actions often involve proceedings brought by state officials in which the regulated entity could raise preemption as a defense. Without the injunction, the

---

[5]The plaintiffs in *Shaw*, 463 U.S. at 92, *Verizon*, 535 U.S. at 642, and *Ammex*, 351 F.3d at 701, sought both injunctive and declaratory relief against the enforcement of preempted state law. The district court's conclusion in this case that an injunction and a declaratory judgment should be treated differently for jurisdictional purposes when the plaintiff seeks both forms of relief thus is not supported by the caselaw.

[6]Cleveland's argument that the district court lacked subject-matter jurisdiction largely ignores the fact that Chase Bank's challenge is preemption-based and that Chase Bank also seeks an injunction, perhaps owing to the district court's seeming distinction for jurisdictional purposes between Chase Bank's request for a declaratory judgment and an injunction. Many of the cases that Cleveland cites are thus inapposite, because they do not involve preemption. The cases that do involve preemption are distinguishable because they involve lawsuits between private parties, *see* 13D Wright & Miller, Federal Practice and Procedure § 3566 at 291–92 ("On principle the rule of [*Shaw*] should be confined to actions in which state officials are parties."), or, in the case of *Michigan Savings & Loan League v. Francis*, 683 F.2d 957 (6th Cir. 1982), pre-date *Shaw*.

plaintiffs in *Shaw* would have been subject to state Division of Human Rights proceedings, for example. *See* 463 U.S. at 92 n.9; *Burroughs Corp.*, 1980 WL 18671, at *1–2, 5. Sometimes the enforcement action is a lawsuit; the plaintiff in *Ammex* sought to enjoin a threatened suit in state court by the state Attorney General for violations of the Michigan Consumer Protection Act. 351 F.3d at 701.

More specifically, Cleveland contends that the litigation at issue in this case is qualitatively distinct from the actions taken or threatened by the state officials in *Shaw*, *Verizon*, and *Ammex*. First, Cleveland describes its lawsuit as an application of "general common-law and statutory principles," Appellee Reply Br. at 5, because neither the common-law doctrine of public nuisance nor the Ohio statutes that Cleveland alleges were violated apply exclusively to the federally regulated activity of banking. The same can be said of the New York Human Rights Law in *Shaw* and the Michigan Consumer Protection Act in *Ammex*, however. The New York law barred discrimination based on pregnancy in all aspects of the employment relationship, not just in benefit plans regulated by ERISA, and the Michigan law applied to all businesses, not just duty-free stores subject to federal regulation.

Cleveland also emphasizes that it seeks only money damages and that a private party could have brought essentially the same claims against Chase Bank. For these reasons, Cleveland contends that its lawsuits are proprietary rather than regulatory in nature and that it is acting more like a private litigant than a governmental entity. Common-law actions seeking money damages can serve a regulatory function, even when brought by a private party, and can thus be preempted. *See Riegel v. Medtronic, Inc.*, 552 U.S. 312, 324 (2008) (noting that a common-law liability award "'can be, indeed is designed to be, a potent method of governing conduct and controlling policy.'" (quoting *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 521 (1992))); *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 494–97 (1987) (holding plaintiff's common-law nuisance claim preempted by federal law as inconsistent with Congress's chosen regulatory scheme). If such actions are regulatory in nature when undertaken by a private

individual, the same conclusion applies a fortiori when common-law claims are brought by a government actor like Cleveland.

Moreover, the fact that a private individual could have brought the same claims against Chase Bank does not distinguish this case from *Ammex*. The Michigan Consumer Protection Act at issue in *Ammex* provides a private cause of action, Mich. Comp. Laws § 445.911, as well as enforcement by the state Attorney General, *id.* § 445.905. Both individuals and the Attorney General can sue for an injunction; an individual can recover actual damages and the Attorney General can seek a civil penalty. *Id.* §§ 445.911(1)–(2), 445.905(1).

The Second Circuit faced a similar scenario in *Philip Morris, Inc. v. Blumenthal*, 123 F.3d 103 (2d Cir. 1997). Tobacco companies asked the federal district court to enjoin and declare unconstitutional (under, inter alia, the Supremacy Clause) a state-court lawsuit brought by the Connecticut Attorney General under state antitrust, consumer protection, and common law. *Id.* at 104 & n.1. Even though the state characterized its suit as an enforcement action, the Second Circuit determined that it was "essentially a suit for money damages" because "the primary aim of the state is to obtain reimbursement from the tobacco industry for expenditures caused by its allegedly tortious conduct." *Id.* at 106. The Second Circuit did not address the issue of subject-matter jurisdiction, but because a court must dismiss a case for lack of subject-matter jurisdiction even if the parties do not raise the issue and cannot assume that jurisdiction exists in order to reach a different issue, this lack of discussion suggests that the court did not doubt that jurisdiction existed. Indeed, the district court had held that "*Ex Parte Young* held that there is the requisite subject matter jurisdiction for such suits." *Philip Morris, Inc. v. Blumenthal*, 949 F. Supp. 93, 97 (D. Conn. 1996), *rev'd on other grounds*, 123 F.3d 103 (2d Cir. 1997).

Finally, Cleveland's decision to address the issue of subprime-mortgage securitization through litigation arguably reflects an otherwise frustrated regulatory intent, as the city likely could not regulate such activity directly. Ohio law appears to prevent Cleveland from regulating subprime mortgages in the traditional manner (i.e. by municipal ordinance), as it vests the state with sole authority to "regulate the business of originating, granting, servicing, and collecting loans and other forms of credit in the state and the manner in which any such

business is conducted." Ohio Rev. Code § 1.63(A). In addition, Ohio law expressly preempts "[a]ny ordinance, resolution, regulation, or other action by a municipal corporation" to regulate such matters. *Id.* § 1.63(B).[7] Indeed, the Ohio Supreme Court struck down Cleveland's previous attempt to regulate predatory mortgage lending by ordinance as preempted by state law, including § 1.63. *Am. Fin. Servs. Ass'n v. City of Cleveland*, 858 N.E.2d 776, 785–86 (Ohio 2006).

Ultimately, the fact that the official action that Chase Bank seeks to enjoin and declare preempted is a lawsuit might raise Anti-Injunction Act or abstention issues, but does not affect the subject-matter jurisdiction analysis. Because Chase Bank's suit raised a federal question under the Supremacy Clause, the district court had subject-matter jurisdiction.[8]

## B. Irreparable Harm

In its ruling on Cleveland's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the district court held that Chase Bank had failed to show irreparable harm and thus was not entitled to injunctive relief. Because Chase Bank would have an opportunity to raise the federal-preemption issue as a defense in Cleveland's federal or state lawsuit, the court reasoned, it would not suffer irreparable harm if the court did not grant an injunction on preemption grounds. Chase Bank had not moved for a preliminary injunction, however, and Cleveland had not moved to dismiss under Rule 12(b)(6) for failure to state a claim. Neither party had briefed the issue of whether Chase Bank had satisfied the requirements for an injunction, because neither party was on notice that the court would address that issue. Before dismissing a complaint sua sponte, even if the dismissal is without prejudice, the court must give notice to the plaintiff. *Morrison v. Tomano*, 755 F.2d 515, 516–17 (6th Cir. 1985). The irreparable-harm ruling was premature, and the district court thus erred in dismissing Chase

---

[7] In *City of Cleveland I*, the district court held that this provision preempted Cleveland's public-nuisance claim. *Ameriquest Mortgage Sec.*, 621 F. Supp. 2d at 517–20. We affirmed on other grounds, and so we did not address this issue. In *City of Cleveland II*, the state trial court likewise held that Cleveland's public-nuisance claim was preempted by state law. *City of Cleveland v. JP Morgan Chase Bank, N.A.*, No. CV-08-668608 (Cuyahoga Cnty. Ct. Com. Pl. Nov. 23, 2011).

[8] Chase Bank also argues that the district court had federal-question jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) because the National Bank Act imbues Chase Bank with rights that are cognizable under § 1983. Because we conclude that the district court had subject-matter jurisdiction pursuant to § 1331 under the Supremacy Clause, we do not address this alternative argument.

Bank's suit on these grounds. Indeed, Cleveland does not defend this aspect of the district court's ruling on appeal.

To the extent that the district court dismissed Chase Bank's claim seeking an injunction of pending litigation as unripe, this conclusion was incorrect. A claim is unripe if plaintiffs "seek to enjoin the enforcement of statutes, regulations, or policies that have not yet been enforced against them." *Ammex*, 351 F.3d at 706. Here, by contrast, Chase Bank faced ongoing litigation under the law that it alleged was preempted at the time that the district court dismissed the claim.[9]

## C. Non-Jurisdictional Grounds for Affirmance

Cleveland contends that, even if the district court had subject-matter jurisdiction, we should nonetheless affirm the dismissal of Chase Bank's suit as an appropriate exercise of the district court's discretion or pursuant to the Anti-Injunction Act or the doctrine of *Younger* abstention. Cleveland did not raise any of these non-jurisdictional grounds for dismissal before the district court, however, and we typically do not address issues not raised below. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). None of the "exceptional cases or particular circumstances" warranting deviation from this rule are present here. *Id.* (internal quotation marks omitted). Because we are remanding, Cleveland will have an opportunity to present these arguments to the district court.

## III. CONCLUSION

Chase Bank's suit for declaratory and injunctive relief falls within the line of cases recognizing federal subject-matter jurisdiction over preemption-based challenges to state laws brought against state officials. The fact that the official action that Chase Bank challenges as preempted in this case is a lawsuit rather than direct regulation does not affect the jurisdictional issue; the question of whether it implicates Anti-Injunction Act or abstention concerns is not properly before us. Because the district court erred in dismissing the complaint for failure to

---

[9]We note, of course, that we express no opinion on whether Chase Bank would face irreparable harm or is otherwise entitled to an injunction, including whether Chase Bank's preemption argument is likely to succeed on the merits.

state a claim without notice to the parties, it will have an opportunity to address this issue on remand.  We REVERSE the district court's dismissal of Chase Bank's suit for declaratory and injunctive relief and REMAND for further proceedings consistent with this opinion.