NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0523n.06

Case No. 14-6475

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| DANNY SWAFFORD, | ) | **FILED** |
|  | ) | Jul 23, 2015 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) |  |
|  | ) | ON APPEAL FROM THE |
| FORESTRY MUTUAL INSURANCE COMPANY, | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
| Defendant-Appellee. | ) | DISTRICT OF TENNESSEE |
|  | ) |  |
|  | ) | **OPINION** |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE: GIBBONS and COOK, Circuit Judges; MURPHY, District Judge.[*]

MURPHY, District Judge. Danny Swafford operates Swafford Farms as a sole proprietorship and provides logging and timber services. To protect against liability, he purchased a "Workers Compensation and Employers Liability Insurance Policy" from Forestry Mutual Insurance Company. A provision of the insurance policy required Forestry Mutual to defend Swafford in suits for benefits or damages payable under the policy.

On April 3, 2012, Albert Wayne Capshaw was injured at a Swafford job site while logging timber. He filed suit against Swafford for tort damages in Tennessee state court. The complaint alleged that Capshaw worked as an independent contractor. Forestry Mutual refused to

---

[*] The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, siting by designation.

defend Swafford in connection with the underlying suit and asserted that the complaint did not state a claim covered under the policy. In February 2012, Swafford brought a declaratory judgment action against Forestry Mutual in Tennessee state court and argued that, despite the allegations in the complaint, Capshaw was an employee covered under the insurance policy and Forestry Mutual had a duty to defend. Forestry Mutual removed the case to federal court, and filed a motion for summary judgment.

The district court reviewed the underlying complaint and explained that, since Capshaw did not seek workers compensation benefits, the sole issue was whether Capshaw's complaint fell within the employer's liability portion of the policy. The court read the complaint to allege Capshaw operated as an independent contractor and found that the insurance policy covered only injuries to employees. Comparing the complaint and the policy, the district court determined that coverage did not extend to independent contractors, and held that Forestry Mutual had no duty to defend. Accordingly, the court granted summary judgment to Forestry Mutual.

On appeal, Swafford contends that the district court erred in granting summary judgment. While the appeal was pending, Swafford filed a motion pursuant to Federal Rule of Evidence 201 requesting that this court take judicial notice of the final order of the Tennessee state court in the underlying lawsuit. Rule 201 permits judicial notice of facts not subject to reasonable dispute, including the indisputable actions of other courts. *See Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 n.2 (6th Cir. 2012). We grant the motion and take judicial notice of the order from Warren County, Tennessee, Circuit Court, Case No. 4399. And having reviewed the record and the district court's opinion, we adopt the district court's opinion and reasoning as our own and AFFIRM.