NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0357n.06

Case No. 24-5441

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 22, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| BILLY ALLEN WRIGHT, | ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

Before: BOGGS, GRIFFIN, and NALBANDIAN, Circuit Judges.

BOGGS, Circuit Judge. Billy Wright was arrested with a stolen firearm and charged with violating 18 U.S.C. §§ 922(g)(1) and 922(j). Wright and the Government agreed that he would plead guilty to violating § 922(j) in exchange for the Government moving to dismiss the § 922(g)(1) charge (and its connected 18 U.S.C. § 924(e) mandatory-minimum sentencing provision). The district court accepted the plea, but Wright later filed a motion to withdraw the plea on the ground that all three statutes — §§ 922(g)(1) and 924(e), as well as § 922(j) — violated the Second Amendment as applied to him. The district court held that § 922(j) was constitutional as applied to Wright and denied the motion. The district court declined to consider Wright's arguments as to the constitutionality of §§ 922(g)(1) and 924(e) because Wright had pleaded guilty only to violating § 922(j).

Wright argues on appeal that, because he bargained to "swap" the § 922(g)(1) charge (and the § 924(e) sentencing provision) for the § 922(j) guilty plea, the district court abused its

discretion by not discussing the constitutionality of §§ 922(g)(1) and 924(e) when it denied his motion to withdraw his plea. We reject this argument and affirm because the district court logically conducted an analysis of the only charge to which Wright pleaded guilty.

I

In January 2022, Wright's roommate reported to the police that three of his firearms had been stolen. Only Wright and another roommate — both missing — had access to the firearms. That night, police found Wright with methamphetamine in his jacket pocket and one of the stolen handguns in his waistband.

Those events gave rise to two separate but related proceedings. First, on May 18, 2022, a federal grand jury indicted (Case No. 3:22-cr-49) Wright for violating 18 U.S.C. §§ 922(g)(1) (felon in possession of a firearm and ammunition) and 924(e) (mandatory-minimum 15-year prison term for recidivists convicted under § 922(g)). Second, on February 24, 2023, the U.S. Attorney's Office filed an information (Case No. 3:23-cr-23) charging Wright with violating 18 U.S.C. § 922(j) (possession of a stolen firearm).

Wright and the United States ultimately signed a plea agreement that resolved the charges in both cases. First, Wright agreed to plead guilty only to violating § 922(j), an offense with no mandatory minimum. Second, Wright acknowledged that he knowingly possessed a stolen firearm, in violation of § 922(j), and would be sentenced to a binding sentence under Fed. R. Crim. P. 11(c)(1)(C) of 120 months of imprisonment. Third, the United States agreed to move for the district court to dismiss Wright's § 922(g)(1) charge, which was valuable because this would allow him to avoid § 924(e)'s mandatory-minimum 15-year sentence.

The district court accepted Wright's guilty plea in March 2023 after advising him that, if his plea agreement were accepted, he would "be sentenced to a term of 120 months' imprisonment followed by a term of supervised release." Wright acknowledged that he would "not be permitted to withdraw [his] plea on the basis of the sentence that [he] might receive." In the presentence report, the probation office calculated his Sentencing Guidelines range at 63 to 78 months of imprisonment with a statutory maximum term of 120 months of imprisonment.

Then, in October 2023, Wright moved to withdraw his guilty plea. In this motion, he argued that under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), §§ 922(g)(1), 922(j), and 924(e) "as applied to [him] violate the Second Amendment of the United States Constitution." The Government argued in opposition that Wright had no fair and just reason to withdraw his guilty plea and that, regardless, § 922(j) was constitutional as applied to him. The district court held that § 922(j) was constitutional as applied to Wright, determined that he had therefore failed to demonstrate a fair and just reason necessitating the withdrawal of his guilty plea, and denied his motion. The district court also declined to consider Wright's argument involving the constitutionality of § 922(g)(1). The district court emphasized that "[Wright] did not plead guilty to violating [§] 922(g)(1)[,] . . . [Wright] provided no case to support the proposition that the potential unconstitutionality of [§] 922(g)(1) could impact his Motion to Withdraw Guilty Plea[, a]nd this Court found none."

Per the plea agreement, the district court sentenced Wright to 120 months of imprisonment for violating § 922(j) and dismissed the charge under §§ 922(g)(1) and 924(e). This timely appeal followed.

II

"We review a district court's denial of a defendant's motion to withdraw a plea for abuse of discretion." *United States v. Carson*, 32 F.4th 615, 623 (6th Cir. 2022). A district court abuses its discretion if it "relies on clearly erroneous findings of fact, improperly applies the law[,] or uses an erroneous legal standard." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).

"[T]he movant has the burden of establishing that his presentence motion to withdraw his plea should be granted." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987). And a defendant can do so only if he demonstrates "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). Seven factors that this court can consider to assess whether a defendant's reason is "fair and just" are: "(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted." *Carson*, 32 F.4th at 623 (citation modified). These factors represent "a general, non-exclusive list." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (per curiam).

III

The district court did not abuse its discretion when it first denied Wright's motion to withdraw his guilty plea, holding that § 922(j) was constitutional as applied to him, and then declined to consider the as-applied constitutionality of §§ 922(g)(1) and 924(e). We resolve this appeal on the narrow ground that the district court logically declined to consider the constitutionality of §§ 922(g)(1) and 924(e) because Wright did not plead guilty to any offenses

4

under those two statutes. Thus, we need not address the as-applied constitutionality of these two statutes. And because Wright does not challenge on appeal the district court's holding that § 922(j) is constitutional as applied to him, we need not address that issue either.

Instead, Wright argues that (1) because his plea agreement "essentially swapped" his charge under §§ 922(g)(1) and 924(e) for the § 922(j) charge, (2) he "bargained away [a] charge that w[as] unconstitutional as applied to him," and therefore (3) the district court should have analyzed his motion to withdraw "in light of" both charges.

But this is not a "fair and just reason" to allow Wright to withdraw his guilty plea, and the district court's analysis did not abuse its discretion in so holding. Wright pleaded guilty only to the § 922(j) charge. So, contrary to Wright's "swap" argument, the district court would have had to consider Wright's arguments about §§ 922(g)(1) and 924(e) only if these arguments directly affected the legal analysis involving the withdrawal of the plea to the § 922(j) charge.

That was not the case here. Wright's motion to withdraw discussed §§ 922(g)(1) and 924(e) in only two contexts: (1) the general argument that *all three* statutes, as applied, violated the Second Amendment and (2) citations to cases where courts applied *Bruen* to hold that *§ 922(g)(1)* was unconstitutional as applied.

But as to (1), in denying Wright's motion, the district court had already conducted a thorough analysis concluding that § 922(j) was constitutional as applied to Wright. And as to (2), cases about the as-applied constitutionality of § 922(g)(1) are not applicable to § 922(j). Wright's arguments about §§ 922(g)(1) and 924(e) were either already fully covered to the extent necessary for a ruling on § 922(j) or irrelevant as a matter of law to § 922(j).

The district court clearly articulated this reasoning. In denying Wright's motion, the district court opined that, though "[t]here is significant uncertainty regarding whether 922(g)(1) is

constitutional in all respects, . . . . *Defendant did not plead guilty to violating 922(g)(1).*"  It clarified that it had already given Wright "an opportunity to address how, if at all, 'the potential unconstitutionality of Section 922(g)(1) bears on the inquiry of whether he should be permitted to withdraw his guilty plea for a violation of Section 922(j).'"  But Wright "provided no case to support the proposition that the potential unconstitutionality of [§] 922(g)(1) could impact his Motion to Withdraw" — which concerned only § 922(j) — "[a]nd this Court found none."

The district court thus did not abuse its discretion when it declined to consider Wright's arguments about two statutes that, beyond a tangential relationship from having been part of the antecedent plea negotiations, were not ultimately at issue in the guilty plea that Wright was attempting to withdraw.  Wright claims that the district court abused its discretion because "it only considered the charge[] to which Mr. Wright pled guilty — and not the circumstances and charges surrounding that plea — when it denied his motion to withdraw."  But the district court *did* consider the circumstances and charges surrounding the plea.  It just decided that those circumstances were irrelevant to the only controlling issue: the guilty plea to the § 922(j) charge.

Wright's implied argument that the circumstances underlying his guilty plea have now changed because he would not have made the "tactical decision" to plead guilty had he possessed more "[]complete legal information" on two issues — the as-applied constitutionality of §§ 922(g)(1) and 924(e), and the definition of "occasion" under § 924(e) — suffers from two fatal flaws.  First, when Wright pled guilty in March 2023, the Supreme Court had already decided *Bruen* nine months earlier.  To borrow Wright's metaphors, *Bruen* had already long been "sinking into the sea" and "transform[ing] into a coral home for sea creatures" when Wright pleaded guilty.  Wright cites five cases that came after his plea and allegedly would have altered his decision to plead: *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), *vacated*, *Garland v. Range*,

144 S. Ct. 2706 (2024) (mem.); *United States v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. 2023), *rev'd*, 123 F.4th 183 (5th Cir. 2024); *United States v. Forbis*, 687 F. Supp. 3d 1170 (N.D. Okla. 2023), *vacated*, 2023 WL 12057866 (N.D. Okla. Nov. 9, 2023); *United States v. Quailes*, 688 F. Supp. 3d 184 (M.D. Pa. 2023), *rev'd*, 126 F.4th 215 (3d Cir. 2025); *United States v. Harper*, 689 F. Supp. 3d 16 (M.D. Pa. 2023), *rev'd*, *Quailes*, 126 F.4th 215.  But these cases were just "corals," not themselves sea changes.  Wright acknowledges that these cases did no more than apply *Bruen*, which had already been out for months before Wright pleaded guilty.

Second, when Wright pleaded guilty in March 2023, the Supreme Court had already held a year earlier that the burglary of ten units in a single storage facility in one night constitutes a single criminal occasion.  *Wooden v. United States*, 595 U.S. 360, 362 (2022).  Wright claims that his plea agreement was negotiated with "an eye toward" litigation regarding the "occasions different" language in § 924.  But because he negotiated his plea originally with *Wooden* and its progeny in mind, and those cases are all still good law now, logically there is no argument that the circumstances underlying the guilty plea have changed.

For these reasons, Wright has failed to articulate a fair and just reason that he should have been permitted to withdraw his guilty plea.  Therefore, the district court did not abuse its discretion in denying Wright's motion to withdraw his guilty plea.

Finally, while this appeal was pending, the Government moved for this court to take judicial notice under Federal Rule of Evidence 201 that the two cases under which these charges arose are related.  We grant this motion.  "We can take judicial notice of developments in related proceedings in other courts of record."  *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 n.2 (6th Cir. 2012) (citation modified).  Wright does not dispute that these two cases are

directly related and important to this court's analysis of the issue.  The charge involving § 922(j) comes from one case, and the charge involving §§ 922(g)(1) and 924(e) comes from the other.

\*      \*      \*

For the foregoing reasons, we **GRANT** the motion to take judicial notice and **AFFIRM** the district court's judgment.