**James G. MORRISON, Jr., et al., Plaintiffs-Appellants,**

v.

**Lieutenant TOMANO, et al., Defendants-Appellees.**

No. 83–3626.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 12, 1984.

Decided March 1, 1985.

Patrick J. Donlin, Warren, Ohio, for plaintiffs-appellants.

Thomas A. Dugan, Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, for defendants-appellees.

Before KENNEDY and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

Plaintiffs, through counsel, "as citizens of Trumbull County, Ohio," filed suit in federal district court alleging violation of various constitutional rights under Title 42 §§ 1983 and 1985. The filing was accompanied by a deposit. Named as defendants were: Lieutenant Tomano, Jan Bertilacci, George Paveletich, Detective; Sgt. Tercecky; The City of Youngstown; James Traficant, Sheriff; Denis Baker, The City of Hubbard; Paula Morrison, C.W. Bathingham, Magistrate; Magistrate John or Jane Doe; Prosecutor John or Jane Doe; Police Officer John Doe # 1 and 2, The City of Hampton, Virginia; and the County of Hampton, Virginia.

The complaint according to the district judge "fail[ed] to delineate for the court whether any of the defendants engaged in

any conduct which deprived any of the plaintiffs of any rights, privileges or immunities secured to them by either the Constitution or, the laws of the United States." The court, accordingly, a few days after the filing dismissed the complaint without prejudice for failure to state a cause of action before defendants had been served and before any responsive pleadings had been served. The court did not afford any opportunity to amend the complaint. By affidavit plaintiffs assert that the reason they filed the complaint at the time and with its deficiencies was to prevent the running of a statute of limitations.[1]

The complaint asserts that defendants engaged in a scheme to deny plaintiffs' fourth, fifth and sixth amendment rights and, "with the exception of defendant Paula Morrison, each and all of the acts of defendants alleged herein were done by defendants, and each of them, not as individuals, but under color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Ohio, the Cities of Hubbard and Youngstown, Ohio, and the Counties of Hampton, Virginia and Mahoning, State of Ohio, and under the authority of their offices as officials of the said governments." It asserts that plaintiffs suffered "mental distress," "were deprived of liberty," suffered "discomfort and embarrassment," and "lost income." Plaintiffs therefore demanded substantial compensatory and punitive damages and a jury trial.

In addressing the propriety of this *sua sponte* dismissal, we must first consider the implications of *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir.1983), although the case was not cited by either party. In *Tingler*, we reversed a district judge's *sua sponte* dismissal—based on what he believed to be clear Supreme Court precedent—of a prisoner complaint. *Tingler* contains the following broad language

which might be read to require reversal of the district judge's dismissal in the instant case:

Under our supervisory power, we hold that a district court faced with a complaint which it believes may be subject to dismissal must: (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

716 F.2d at 1112.

This broad language, however, appears in the context of an expressly narrow holding. As stated by the *Tingler* court, "the *narrow issue* which we address involves *sua sponte* dismissals *on the merits*, prior to service of the complaint and without notice of the proposed dismissal to the plaintiff. to allow him to respond." *Id.* at 1111 (emphasis added). The instant case differs from *Tingler* in that it involves a dismissal without prejudice for failure to state a claim, rather than a dismissal on the merits. See *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir.), *cert. denied*, 434 U.S. 852, 98 S.Ct. 167, 54 L.Ed.2d 122 (1977). We must determine how this distinction affects the *Tingler* requirements.

■ The *Tingler* requirements, (1) that the court give the plaintiff a chance to amend the complaint or respond to notice of intended dismissal, and (2) that, if the claim is dismissed, the court state the reasons for dismissal,[2] are appropriately applied to *sua sponte* dismissals for failure to state a claim. Notice to the plaintiff of

---

1. Plaintiffs do not give specific dates for any alleged misdeeds by defendants, and do not cite any statute of limitations that may pertain to the case. They simply state: "Said defendants, acting in concert have, on or about July 24, 1982 through August 30, 1982 lawfully caused or

attempted arrest of plaintiffs and have trespassed."

2. The trial court complied with this requirement. The complaint was dismissed for failure to state a claim.

intent to dismiss is implicit in these requirements.

The other *Tingler* requirements focus instead on the defendant: service of the complaint, notice of intent to dismiss, and opportunity to respond to the complaint. The *Tingler* court explained the need for these requirements in the context of a dismissal on the merits. In that context, if the dismissal were appealed, the defendant might be handicapped on appeal by having lost the opportunity to create a record on factual issues. This, in fact, was the situation in *Tingler*. Consequently, not only was the defendant hindered on appeal, but there was also a decidedly uneconomical use of judicial time and resources. *See* 716 F.2d at 1111.

█ Failure to notify a defendant of a complaint which is to be dismissed for failure to state a claim does not invoke the same concerns, since a factual record is of little use on the appeal of such a dismissal. The legal arguments which counsel would make in arguing to affirm the dismissal would require no factual underpinning. We therefore hold that a *sua sponte* dismissal for failure to state a claim is not necessarily rendered invalid because of lack of service on the defendant or failure to provide the defendant an opportunity to respond. In cases such as this one, where there are numerous defendants, rigid adherence to a *pro forma* requirement of service prior to a *sua sponte* dismissal is not necessary, nor is it desirable in the interests of doing substantial justice. The pleading in this case was filed by an attorney and is not entitled to be considered on a more relaxed standard as is the case of *pro se* claimants.

█ Here there was a failure to apply *Tingler's* requirement that plaintiffs be given a chance to amend the complaint or respond to notice of an impending dismissal for failure to state a claim. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The rationale underlying this requirement is equally valid whether the dismissal is on the merits or for failure to state a claim. We therefore conclude that the district court should not have dismissed the case without affording plaintiffs some opportunity to address the perceived shortcomings in the complaint. Accordingly, we REMAND to the district court for further proceedings consistent with this opinion.