772 F.2d 909
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GARY A. WILKERSON, PLAINTIFF-APPELLANT,
v.
TOM BEAN, SHERIFF OF LINCOLN COUNTY, TENNESSEE, DEFENDANT-APPELLEE.
 NO. 85-5235
 United States Court of Appeals, Sixth Circuit.
 8/7/85
 
 E.D.Tenn.
 VACATED AND REMANDED
 
 ORDER
 
 1
 BEFORE: KENNEDY and KEITH, Circuit Judges; and DOWD, District Judge*.
 
 
 2
 The defendant-appellee moves this Court to dismiss this appeal for lack of jurisdiction and for being frivolous. The pro se Tennessee plaintiff is appealing from a district court judgment summarily dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983 due to his apparent failure to state a claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.
 
 
 3
 In an earlier order, the district court had dismissed the plaintiff's first complaint charging wrongful deprivation of property by this same defendant-sheriff pursuant to Parratt v. Taylor, 451 U.S. 527 (1981). Five months later, however, the district court ordered plaintiff's case be reopened when it initially appeared to the court that the plaintiff did not have an adequate remedy available to him under state law to pursue his claim of loss of property. Plaintiff's new complaint was then filed with the court on the same date. The next documents entered in the record were the district court's opinion and judgment dismissing the plaintiff's suit for being precluded by his having received a judgment on the merits of his claim in state court. The district court indicated that it was in receipt of the state court's judgment dismissing plaintiff's suit. Although the state court judgment is not found in the record, the defendant-appellee does include a copy of the judgment with his motion to dismiss this suit.
 
 
 4
 Defendant's motion to dismiss is in effect a motion to affirm. Because such motions are not permitted under the rules of this Court, the motion will be denied. See Rule 8(a), Rules of the Sixth Circuit.
 
 
 5
 From a review of the record it appears that the district court dismissed plaintiff's suit in violation of this Court's rule enunciated in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983). Before dismissing an action pursuant to Rule 12(b)(6) for failure to state a claim, the district court must first give the plaintiff an opportunity to respond to notice of an impending dismissal. See Morrison v. Tomano, 755 F.2d 515, 517 (6th Cir. 1985) (per curiam).
 
 
 6
 This panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The defendant's motion to dismiss is, accordingly, denied and the district court's judgment is hereby vacated and the cause is remanded for further proceedings consistent with this order. Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, U.S. District Judge for the Northern District of Ohio, sitting by designation