798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Archie Larry THOMAS, Plaintiff-Appellant,
v.
Carl PAPA, Jr., United States Federal Probation and Parole
Officer, Defendant-Appellee.
 No. 85-5595.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1986.
 
 Before LIVELY, Chief Judge, and KENNEDY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Archie Thomas timely filed this pro se appeal from the -June 7, 1985, order of the district court dismissing his complaint for failure to state a cause of action, This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure, Archie Thomas, a prisoner, filed this pro se civil rights action under 42 U.S.c. 5 1983, alleging that his federal probation officer, Carl Papa, Jr,, caused him to be arrested and reported to the Court that he had violated the terms of his probation, which ultimately resulted in the revocation of his probation, On May 24, 1985, the district court granted Thomas' motion to proceed in forma pauperis and authorized the filing of his complaint. The court also notified Thomas that unless he amended his complaint to state a cause of action within 20 days the complaint would be dismissed. Thomas filed an amended complaint on May 31, 1984, which was dismissed by the district court on June 7, 1985, for failure to state a cause of action. The complaint was never served on the defendant.
 
 
 2
 In Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), this Court held that before a complaint can be sua sponte dismissed on the merits, the district court must, "(1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for dismissal." In this case, the district court (1) gave the plaintiff an opportunity to amend his complaint, and (2) stated its reasons for dismissing the amended complaint. The court did not follow the other . Tingler requirements, which focus on the defendant. However, this court has also held that "a sua sponte dismissal for failure to state a claim is not necessarily rendered invalid because of lack of service on the defendant or failure to --' --provide the defendant an opportunity to respond." Morrison v. Tomano I 755 F.2d 515 (6th Cir. 1985). This is especially so in this case where the defendant was involved in plaintiff's revocation hearing which took place before the same district court judge only two weeks before the initial complaint in this case was filed.
 
 
 3
 In his amended complaint Thomas alleges (1) that he -was not allowed to seek employment so that he could take care of his family; (2) that he was not allowed to see his wife without a chaperone; and (3) that his probation was revoked as a result of his psychological condition; all of which, he contends, constitute cruel and unusual punishment in violation of his eighth and fourteenth amendment rights. The district court ruled that Thomas is essentially challenging his probation revocation, and dismissed the amended complaint for failure to state a cause of action.
 
 
 4
 Having carefully examined the district court record, this Court finds that the district court correctly dismissed Thomas' amended complaint for failure to state a claim against the probation officer. Accordingly, it is ORDERED that the judgment of the district court is affirmed for the reasons set forth in the district court's order of June 7, 1985. Rule 9(d)(3), Rules of the Sixth Circuit.