863 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James YOUNG, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS; Stephen H. Norris,
Commissioner; D.E. Crowe, II, Assistant Commissioner of
Comm. SVCS.; Fred Raney, Assistant Director of
Rehabilitative SVCS.; Edward Arbogast, Warden, of C.C.W.C.;
Lee Miller, Associate Warden of C.C.W.C.; B.J. Potter,
Sgt., Disciplinary Board Chairman; Brenda Garland,
Disciplinary Board Member; Charles E. Poarch, Disciplinary
Board Member; James Seabock, Cpl., of C.C.W.C.; Barbara R.
Livingston, Authorizing Official; John Sabetta, Corrections
Officer of C.C.W.C.; Roger Grindstaff, Corrections Officer
of C.C.W.C.; Becker, Corrections Officer of C.C.W.C.,
Defendants-Appellees.
 No. 88-5555.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1988.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges and RICHARD A. ENSLEN, District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals the district court's order sua sponte dismissing his civil rights complaint for failure to state a claim. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed pursuant to 42 U.S.C. Sec. 1983, plaintiff James Young alleged that defendants deprived him of protected rights by failing to adhere to prison disciplinary procedures. The magistrate recommended the complaint should be dismissed for failure to state a claim. Upon review in light of Young's objections, the district court adopted the magistrate's recommendation and dismissed the case. On appeal, Young asserts that the district court erroneously dismissed the complaint without first conducting an evidentiary hearing. We disagree.
 
 
 4
 Young received notice of the intended dismissal and was permitted an opportunity to respond. See Morrison v. Tomano, 755 F.2d 515, 517 (6th Cir.1985) (per curiam); Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983). Contrary to Young's arguments, he is not entitled to an evidentiary hearing.
 
 
 5
 Sua sponte dismissal was proper because it appears beyond doubt that Young can present no set of facts which would entitle him to the relief he seeks. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Because there was "some evidence" to support the disciplinary board's decision, the district court correctly determined that Young failed to state a claim for a denial of his due process rights. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation