875 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald L. RAINES, Plaintiff-Appellant,
v.
Ralph T. DEFRANCO; Carmen Marino; Timothy Patton,
Defendants-Appellees.
 No. 88-4150.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1989.
 
 Before BOYCE F. MARTIN Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, Gerald Raines, appeals an order of the district court which dismissed his civil rights action. He now moves for the appointment of counsel. Upon review of the record and the parties' briefs, this panel concludes that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, an inmate at the Lebanon Correctional Institution, filed a complaint pursuant to 42 U.S.C. Secs. 1983, 1985(3) and 1986 in the District Court for the Northern District of Ohio. As the basis of his claims for relief, he alleged that with the assistance of an attorney, defendant DeFranco, he agreed to provide information regarding a murder then being investigated by defendants Marino and Patton. Plaintiff further alleged that in exchange for that information defendants Marino and Patton promised that he would receive various forms of favorable treatment. These included immunity from any resulting criminal prosecution, strict secrecy regarding his cooperation in the investigation, placement in a penal institution in which no others connected with the offense were housed, and aid in obtaining early release on parole. Plaintiff maintained, however, that defendants subsequently conspired to deprive him of those benefits and prevented his receipt of a reward of $10,000 on account of his race. After service of the complaint upon defendants, the district court, acting sua sponte, determined that those allegations were insufficient to state a claim for the violation of plaintiff's civil rights and therefore dismissed the cause of action under Fed.R.Civ.P. 12(b)(6). Plaintiff then filed this appeal.
 
 
 3
 The order dismissing the complaint must be vacated due to the district court's failure to comply with the procedures required by Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983). In that case the court determined that preliminary to the sua sponte dismissal of a complaint on the merits for any reason other than frivolity under 28 U.S.C. Sec. 1915(d), a district court must: 1) allow service of the complaint; 2) inform the parties of its intention to dismiss; 3) permit the parties, particularly the plaintiff, to file an appropriate response; and 4) set forth specific reasons for the dismissal. Tingler, 716 F.2d at 1112. This court has determined that those procedures are also required when the district court has grounded its decision to dismiss the complaint due to the plaintiff's failure to state a claim upon which relief can be granted. Morrison v. Tomano, 755 F.2d 515, 516-517 (6th Cir.1985) (per curiam).
 
 
 4
 The record discloses that the district court did not comply with those requirements in this case. In particular, the parties, especially plaintiff, received no notice of the impending dismissal of the complaint for failure to state a claim upon which relief could be granted. Plaintiff, therefore, had no opportunity to prevent that occurrence by either seeking leave to amend the complaint or filing another appropriate response.
 
 
 5
 Accordingly, the motion for appointment of counsel is denied. The district court's final order is vacated and the case is hereby remanded to the district court for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.