108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darrell CORN, Plaintiff-Appellant,
v.
James B. TODD, Magistrate Judge; Shirley Middleton, Deputy
Clerk, Defendants-Appellees.
 No. 96-5466.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1997.
 
 E.D.Ky., No. 96-00026; Karl S. Forester, Judge.
 
 
 1
 E.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: RYAN and DAUGHTREY, Circuit Judges; FRIEDMAN, District Judge.*
 
 ORDER
 
 4
 Darrell Corn appeals a district court judgment dismissing his civil rights complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Corn filed his complaint in the district court alleging that an earlier prisoner civil rights complaint he filed against prison officials at the Northpoint Training Center improperly was transferred from the Frankfort, Kentucky, division to the Lexington, Kentucky, division of the district court. Plaintiff named as defendants United States Magistrate Judge James B. Todd and the deputy clerk in charge of the Frankfort division in their individual and official capacities and sought $1,000,000 and "required proper procedures prior to actions being removed in regard to prisoner complaints." Magistrate Judge Todd transferred the case to Magistrate Judge Wehrman, who issued a recommendation that the complaint be dismissed as frivolous for failure to state a claim upon which relief can be granted. Plaintiff filed an objection, a motion to supplement or amend his complaint, and a motion to transfer the action to the United States District Court for the Western District of Kentucky. The district court denied plaintiff's motions, adopted the magistrate judge's recommendation, dismissed the complaint for failure to state a claim upon which relief can be granted, but granted plaintiff leave to appeal in forma pauperis.
 
 
 6
 Upon consideration, the judgment is affirmed because plaintiff failed to state a claim upon which relief can be granted. Generally, dismissal of a complaint sua sponte for failure to state a claim upon which relief can be granted is proper where, as here, plaintiff is given notice of the intended dismissal and reasons for the intended dismissal. Morrison v. Tomano, 755 F.2d 515, 516-17 (6th Cir.1985) (per curiam). First, defendants are absolutely immune from suit for money damages. Judges enjoy absolute judicial immunity from suit for money damages based on judicial acts. Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam); Forrester v. White, 484 U.S. 219, 225-30 (1988); Stump v. Sparkman 435 U.S. 349, 355-56 (1978). Further, a court officer is absolutely immune from suit for money damages for judicial and quasi-judicial acts. Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988). Here, both defendants enjoy absolute immunity from suit for damages for the acts alleged. The record reflects that the assignment of plaintiff's initial action was made pursuant to the district court's Local Rule 4(b)(1)(A) because the defendants named in that action reside within the Lexington jury division as defined in Local Rule 2(a). Plaintiff's complaint otherwise does not state a claim upon which any other relief can be granted.
 
 
 7
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation